## Town of Williamstown v. Carnes.

### (Decided November 20, 1923.)

### Appeal from Grant Circuit Court.

1. Limitation of Actions—No Recovery for Defectively Constructed Sewer More than 20 Years After Construction.—Property owner was not entitled to recover for injuries to land caused by water from a street due to the smallness of a down and drainage pipe installed by the city where the improvement was made more than 20 years before the commencement of the action.

2. Limitation of Actions—Liable for Negligently Casting Water Upon Lands by Failing to Keep Drain Pipes Clean.—If a city negligently permitted its drain pipes to be clogged up, and thereby cast water upon land abutting upon a street, within five years next before the commencement of the action, it must respond in damages.

L. M. ACKMAN for appellant.

C. E. O'HARA for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

The appellee, Mrs. Anna Carnes, was awarded $250.00 by verdict and judgment of the Grant circuit court against the town of Williamstown for damages alleged to have been occasioned by the city's failure to properly drain its streets, resulting in casting water from the streets upon the premises of Mrs. Carnes, causing damage.

The down and drainage pipes installed by the city in front of the premises of appellant were too small, according to appellee's contention, to carry off the water. She further complained that the sewer was allowed by the city to clog and fill with debris, causing the water to stand over her premises. As the improvement was made more than twenty years before the commencement of the action her right to recover from the wrongful act of the

city in constructing and installing a drainage pipe—a permanent structure—too small to carry off the water was barred long before she commenced this action, and the trial court should not have submitted to the jury the question of the insufficiency of the original construction to take care of the ordinary flow of the water.

If, however, the city negligently permitted its drain pipes to be clogged up and thereby cast the water upon Mrs. Carnes' premises to her damage within five years next before the commencement of this action, it must respond. This question alone should have been submitted to the jury. Inasmuch as both questions were submitted to the jury and a general verdict in favor of Mrs. Carnes was returned for the sum of $250.00 without indicating under what part of the instruction the finding was made, the judgment entered upon the verdict must be reversed for new trial consistent with this opinion.

Judgment reversed.